UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONID FELLER and
LISA FELLER,

       Plaintiffs/Counter-Defendants,       CASE NO. 10-12590
                                               HON. LAWRENCE P. ZATKOFF

v.

TOWNSHIP OF WEST BLOOMFIELD,

       Defendant/Counter-Plaintiff,

and

BILL BAUER, ERIK BEAUCHAMP,
JOHN RODA, MARSHALL LABADIE
and STEVE BURNS,

       Defendants.
_____ /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 11, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiffs/Counter-Defendants' (the "Fellers") Amended

Motion to Dismiss Counterclaim pursuant to Fed.R.Civ.P. 12(b)(6) (the "Motion") (Docket #17).

Defendant/Counter-Plaintiff Township of West Bloomfield (the "Township") filed a response, to

which the Fellers replied.  The Court finds that the facts and legal arguments pertinent to the Motion

are adequately presented in the parties' papers, and the decision process will not be aided by oral

arguments.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the

Motion be resolved on the briefs submitted, without this Court entertaining oral arguments.  For the reasons that follow, the Fellers' Motion is GRANTED.

## II.  BACKGROUND

The Fellers own a home and property in the Township.  Behind their home, they have had a grass lawn for years.  Prior to 2009, the lawn extended for a certain distance before the grass lawn yielded to cattails and other vegetation.  Then, at some point beyond the cattails and other vegetation, Moon Lake begins.  In the spring/summer of 2009, the Fellers cut down some of the cattails and other vegetation and filled and seeded the cleared area to increase the size of their grass lawn.  For purposes of this Opinion, the Court assumes that the area cleared, filled and seeded was partially on the Fellers' property and partially on land that was not.

On December 16, 2009, the Township issued a State of Michigan Uniform Law Citation (the "Citation") to Leonid Feller ("Mr. Feller"), alleging that he had failed to obtain a wetland and environmental features setback permit before clearing, filling and seeding in the manner described above.  The Citation alleged that the Fellers had violated three sections of the Township's Ordinance Code, each of which was a misdemeanor punishable by up to 90 days in jail and/or a $500.00 fine. On January 28, 2010, in exchange for dismissal of the Citation, Mr. Feller hand-delivered to the Township (via Defendants Marshall Labadie, John Roda and Steve Burns) the sum of $850.00 and a U.S. Army Corps of Engineers and Michigan Department of Environmental Quality Joint Permit Application (the "Application").  The Citation was dismissed without prejudice on February 3, 2010.

On March 17, 2010, the Township sent a letter to Mr. Feller that stated:

RE:    **WETLAND REVIEW BOARD MEETING**

Dear Mr. Feller:

This acknowledges receipt of your application submitted to this office. The application is incomplete as received, lacking one or more of the item(s) checked below. Please submit those items as checked below).

(X)    12 complete sets of drawings must be submitted following the outcome of the 5/12/10 joint wetland determination conducted by the MDNRE and the Township.

Your application will be placed on hold pending receipt of the indicated item(s). Upon receipt of the indicated item(s), we will begin processing your application. Please return your response to:

[Township address]

The March 17, 2010, letter was signed by Defendant Marshall Labadie, Development Services Director for the Environmental Department and Soil Erosion Inspections.

On May 12, 2010, John Roda (an environmental manager employed by the Township), accompanied by Dr. Steven Niswander (an environmental consultant for the Township), Melanie Foose (a State of Michigan Department of Natural Resources and Environment ("MDNRE") Environmental Quality Analyst), and Todd Losee (an MDNRE Wetland Specialist) conducted a four-hour "wetland determination" on the Fellers' backyard and the common area beyond the Fellers' property. On May 26, 2010, Dr. Niswander issued his Environmental Report to the Township, wherein, for the first time, someone indicated that there was a need to restore those areas, areas Dr. Niswander deemed wetlands, to their pre-June/July 2009 condition.

On June 10, 2010, the Fellers filed a three-count Complaint, wherein they alleged Defendants violated the Fellers' Fourth and Fourteenth Amendment rights. On August 26, 2010, the Township filed its one-count counterclaim in this case, alleging the Fellers violated the Township Ordinance when the

3

Fellers cleared, filled and seeded the area on their own property and the common area beyond the Fellers' property.

## III.  LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).  If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).

4

# IV.  ANALYSIS

In this case, the Court finds the following events, all of which are undisputed or recited in a

manner most favorable to the Township (as the plaintiff on the counterclaim), relevant in deciding the

Motion:

    1.      In June/July 2009, the Fellers cleared, filled and seeded an area of land behind their home.

    2.      On December 16, 2009, the Township issued the Citation to Mr. Feller for violating the Township Ordinance Code sections for failing to obtain wetlands and environmental setbacks permits before clearing, filling and seeding land behind the Fellers' home.

    3.      On January 28, 2010, the Fellers filed the Application in order to have the Citation dismissed, and the Citation was dismissed within a week.

    4.      At the time the Citation was issued, no wetlands delineation had been made on that area; rather, the Citation was issued based on the Township's wetland inventory map.

    5.      On March 17, 2010, the Township sent Mr. Feller a letter that stated:

> This acknowledges receipt of your application submitted to this office.  The application is incomplete as received, . . . . Your application will be placed on hold pending receipt of the indicated item(s).  Upon receipt of the indicated item(s), we will begin processing your application.

    6.      On May 12, 2010, Dr. Niswander conducted a four-hour "wetland determination" on the Fellers' backyard and the common area beyond the Fellers' property.

    7.      On May 26, 2010, Dr. Niswander issued an Environmental Report to the Township, which stated, among other things, that he had "completed a wetland delineation" on the Fellers' property and adjacent Moon Lake Homeowners Association property and that his investigation "revealed one MDNRE and Township regulated wetland on the [Fellers'] Property and adjacent open space area."

In reviewing these facts, the Court concludes that there is no dispute as to the following:

    (a)      The Fellers filed the Application with the Township on January 28, 2010.  The March 17, 2010, letter from the Township to the Fellers unequivocally

demonstrates as much: "This acknowledges receipt of your application submitted to this office."

(b)      The Application was for an after-the-fact wetlands permit.

(c)      On March 17, 2010, the Township put the Application on "hold."

(d)      The Township did not approve or deny the Application on or before April 28, 2010 (*i.e.*, within 90 days of the date the Application was filed).

The Fellers contend that, by operation of Michigan law, they now have a wetland permit. More specifically, the Fellers argue that, because the Township did not "modify, approve or deny" the Application within 90 days of the day it was received, the Michigan Wetlands Protection Act, M.C.L. §§ 324.30301 *et seq.* (the "Act"), specifically M.C.L. § 324.30307(6), dictates that the Application "shall be considered approved." The Township counters that: (1) M.C.L. § 324.30307(6) is inapplicable to "after-the-fact" permit applications and, as such, the procedural requirements under the statute do not apply, and (2) the Fellers also filed an application for a wetland delineation which, necessarily, meant that the Township could not review the Application until after the wetland determination was made. M.C.L. § 324.30307(6) provides, in part:

> The local unit of government shall review the application pursuant to its ordinance and shall modify, approve, or deny the application within 90 days after receipt. If a local unit of government does not approve or disapprove the permit application within the time period provided by this subsection, the permit application shall be considered approved, and the local unit of government shall be considered to have made the determinations as listed in section 30311. The denial of a permit shall be accompanied by a written statement of all reasons for denial. The failure to supply complete information with a permit application may be reasons for denial of a permit.

The Court first addresses whether M.C.L. § 324.30307(6) applies to after-the-fact permit applications. On its face, M.C.L. § 324.30307(6) does not differentiate between permit applications filed before activity has begun and permit applications filed after activity has begun. The Township argues

6

that other provisions of the Act demonstrate that the 90-day requirement in M.C.L. § 324.30307(6) does not apply to after-the-fact permit applications. For example, the Township cites language from M.C.L. § 324.30306 regarding "proposed use or development" or "a description of the wetland on which the use or development is to be made." On that basis, the Township asserts that M.C.L. § 324.30306 pertains only to "anticipated activity" rather than after-the-fact activity. The Court disagrees. First, M.C.L. § 324.30306(5) clearly allows for wetlands permit applications to be made after-the-fact: "If work has been done in violation of a permit requirement under this part and restoration is not ordered by the department, the department may accept an application for a permit . . . ." Second, the Township has not notified the Court of, and the Court has been unable to ascertain, any provision of the Act that distinguishes the time line for deciding an application based on whether the applicant seeks the permit for anticipated activity rather than activity that has already been done.

The Township next asserts that it had no obligation to consider the Application because M.C.L. § 324.30306(5) provides that when "work has been done in violation of a permit requirement under this part and restoration is not ordered by the department, the department *may* accept an application for permit[.]" Thus, the Township argues, it had discretion whether to accept and entertain the Application because the Application was filed "after-the-fact." In furtherance of this argument, the Township relies on *Maxwell v. Department of Environmental Quality*, 264 Mich.App. 567 (2004), wherein the Michigan Court of Appeals (in the Township's words):

> affirmed the dismissal[,] finding that pursuant to the language of MCL 324.30306(5), the MDEQ [now part of the MDNRE] has discretion to process an after-the-fact permit application, but such discretion is limited to the period before an order to restore has been issued; once the order to restore was issued, the MDEQ no longer possessed the authority to process the application. *Id.* at 570.

7

The Township also argues that "the *Maxwell* Court made clear that the hearing provisions relating to permit applications do not apply to after-the-fact permit application."

The Court is not persuaded by the Township's reading of *Maxwell*, nor by the Township's contention that it did not have to entertain the Application.  As to *Maxwell*, *Maxwell* did address whether an after-the-fact application could be considered, and that court explicitly recognized that the MDNRE (or a local government) had the discretion to consider an after-the-fact application *so long as an order to restore had not been issued*.  The *Maxwell* court further ruled that an after-the-fact application could not be considered if an order to restore had been issued (as had occurred in *Maxwell*).  *Maxwell* does not, however, as the Township contends, stand for the proposition that the 90-day procedural requirements under M.C.L. § 324.30307(6) do not apply to after-the-fact permit applications.  In this case, no order to restore was issued prior to the date the Fellers filed the Application (or, for that matter, within 90 days of the date the Fellers filed the Application).  As such, *Maxwell* does not operate to preclude the Township's discretion whether to consider (accept) the Application.

The Township argues that, pursuant to *Maxwell* (and M.C.L. § 324.30306(5)), the Township had discretion whether to accept the Application.  Thus, the Township asserts that it exercised its discretion to not accept or consider the Application, as evidenced by its statement in the March 17, 2010, letter that the Application was "on hold."  Although the Court agrees that it was within the Township's discretion whether to accept and consider the Application, the Court concludes, for three reasons, that any allegation that the township did not exercise its discretion and accept the Application is implausible.  First, at a minimum, the Township agreed to drop the Citation against Mr. Feller if the Application was filed.  Second, the Township sent Mr. Feller the letter on March

8

17, 2010, that stated, in part: "This acknowledges receipt of your application submitted to this office." Third, the March 17, 2010, letter from the Township stated that the Township would, at a future time, "begin processing your application." Unless the Township accepted the Application for consideration, however, there would never be a need for the Township to "begin processing" the Application.

The Township also argues that the determinations the Township would be considered to have made under M.C.L. § 324.30311 (as referenced in M.C.L. § 324.30307(6)) discuss only "proposed activity," not an activity that has already taken place. Once again, as the Act does not distinguish between the manner by which "anticipated activity" and after-the-fact activity are to be considered, the Court rejects the Township's argument. The Court also rejects the Township's contention that "natural sense" dictates that the 90-day requirement under M.C.L. § 324.30307(6) is inapplicable to after-the-fact applications because "then it would not matter how long it took the Township to make the decision on the permit application." To the contrary, a resident has at least as much of a right to (and need for) a timely determination that the activity he has undertaken is legal and can remain as it is (or, alternatively, violates the Township Ordinance and must be undone) as a resident has to a timely determination whether the Township will allow him to undertake the activity he desires in the future.

The Township also argues that it notified the Fellers that the Application would not be reviewed until after the wetland delineation the Fellers had requested was completed. Thus, the Township argues that the Fellers were on notice that the 90-day period, even if it applied, would not begin running until the wetland delineation (determination) was made. The Court notes, however, that M.C.L. § 324.30307(6) does not provide for any conditions precedent for, or exceptions to, the

9

90-day requirement to make a determination regarding a permit application.  Moreover, the Township has offered no authority in support of its argument that there is such a tolling period. Accordingly, the Court concludes that the Township's argument lacks merit.

Finally, the Court notes that, once the Township accepted the Application (as discussed above) and considered it was incomplete (as set forth in the Township's March 17, 2010, letter to the Fellers), the Township could have denied the Application because it was incomplete.  The Township did not deny the Application at that time, however, nor did it do so on or before April 28, 2010.  Instead, the Township said it was putting the Application "on hold."  M.C.L. § 324.30307(6) does not, however, provide that the MDNRE (or a local authority) can circumvent the 90-day requirement by putting an application on hold.  Rather, M.C.L. § 324.30307(6) plainly provides: "[I]f a local government does not approve or disapprove the permit application within the time period provided by this subsection, the permit application shall be considered approved . . ."

In conclusion, the Court finds that M.C.L. § 324.30306(5) allows for after-the-fact applications.  The Court also finds that, because more than 90 days elapsed after the date the Fellers filed the Application, the Application was approved, as a matter of law, effective April 28, 2010. As a result of those findings, the Court holds that the Fellers have a wetlands permit for the clearing, filling and seeding of the land they undertook behind their home.

Accordingly, and for the foregoing reasons, the Court concludes that the Township's counterclaim that the Fellers violated the Township Ordinance when they cleared, filled and seeded the area on their property and the common area beyond the Fellers' property must be dismissed.


**V.  CONCLUSION**

10

Accordingly, and for the reasons set forth above, the Court GRANTS the Fellers' Amended Motion to Dismiss Counterclaim (Docket #17).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 11, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 11, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

11