**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEONID FELLER and
LISA FELLER,

               Plaintiffs,

                                        Case No. 2:10-cv-12590

v.                                   Hon. Lawrence P. Zatkoff

TOWNSHIP OF WEST BLOOMFIELD,
BILL BAUER, in his individual and
official capacities, ERIK BEAUCHAMP, in his
individual and official capacities, JOHN
RODA, in his individual and official capacities,
MARSHALL LABADIE, in his individual and
official capacities, and STEVE BURNS, in his
individual and official capacities,

               Defendants.

_____/

| | |
|---|---|
| Elizabeth A. Downey (P37036) | William P. Hampton (P14591) |
| Elizabeth A. Downey, P.C. | Gary L. Dovre (P27684) |
| Attorney for Plaintiffs | Shannon Kay Ozga (P59093) |
| 30300 Northwestern Hwy., Ste. 200 | Secret Wardle |
| Farmington Hills, MI 48334 | Attorneys for Defendants. |
| (248) 539-7407 | 30903 Northwestern Hwy |
| attylizdowney@aol.com | P.O. Box 3040 |
| | Farmington Hills, MI 48333 |
| | (248) 364-4300 |
| | gdovre@secrestwardle.com |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION
TO ENFORCE ORDER GRANTING MOTION TO DISMISS AND
TO ENJOIN PARALLEL STATE COURT PROCEEDINGS
BARRED BY *RES JUDICATA* AND COLLATERAL ESTOPPEL**

Pursuant to Fed.R.Civ.P. 65 and 28 U.S.C. § 2283, plaintiffs Leonid and Lisa Feller state as follows:

1.     On February 11, 2011, this Court granted plaintiffs' motion to dismiss, unambiguously "hold[ing] that the Fellers have a wetlands permit for the clearing, filling and seeding of the land they undertook behind their home."  (Opinion and Order, Doc. No. 26, at 10).  The Court therefore dismissed West Bloomfield Township's nuisance counterclaim alleging that Leonid and Lisa Feller's conduct breached various Township Ordinances.  (*Id*. at 10-11).   "In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect."  *Dyer v. Intera Corp*., 870 F.2d 1063, 1066 (6th Cir. 1989).

**2.**     Now, in flagrant disregard of this Court's judgment and jurisdiction, and of fundamental principles of *res judicata* and collateral estoppel, the Township is pursuing a civil suit in Oakland County Circuit Court seeking exactly the same relief against the Fellers for the conduct permitted.  In the state court action, captioned *Charter Township of West Bloomfield v. Leonid Feller and Lisa Feller*, Complaint No. 2011-116875-CZ, attached hereto as Ex. 1, the Township alleges three theories for seeking abatement of the permitted work as an alleged nuisance.  Two theories are *identical* to the federal court claims; a third relies on alleged breach of an Open Space Agreement, but complains about the same work and seeks the same relief.

3.     The Township's attempted end-run around this Court's dismissal order is expressly barred by the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283.  *Silcox v. United Trucking Service, Inc*., 687 F.2d 848, 851 (6th Cir. 1982) ("this

1

Court cannot permit a litigant to drag other litigants to another Court in hopes of finding relief that is denied here") (internal quotations and citation omitted).

4.      Plaintiffs will be irreparably harmed if forced to relitigate claims already dismissed by this Court.

5.      Pursuant to Fed.R.Civ.P. 11(c)(2), plaintiffs give notice that they intend to seek sanctions by separate motion if the Township does not voluntarily dismiss with prejudice its frivolous state court complaint within 21 days.

6.      Pursuant to Fed.R.Civ.P. 65(c), plaintiffs are prepared to post such security as this Court deems just and proper.

7.      Pursuant to Local Rule 7.1, plaintiffs' counsel sought concurrence for this motion from defendants' counsel on February 18, 2011 by emailing a draft of the motion to brief to him and asking him to carefully reconsider the strategy of filing the same case in state court.  On February 22, 2011 defendants' counsel telephoned to advise that he would not be meeting with his clients until the March 7, 2011 and that he declined to dismiss the state court action until after that consultation with the clients; he advised in the same conversation that he would file a motion for reconsideration of the Court's February 11, 2011 ruling (which is due February 25 – prior to the March 7 meeting).

WHEREFORE, to protect and effectuate this Court's judgment, plaintiffs Leonid and Lisa Feller respectfully request entry of a temporary restraining order enjoining Oakland County Circuit Court action no. 11-116875-CZ, prohibiting the Township from prosecuting such action, and setting a preliminary injunction hearing pursuant to Fed.R.Civ.P. 65(b)(2).

Respectfully Submitted,

/s/ Elizabeth A. Downey
Elizabeth A. Downey (P37036)
Elizabeth A. Downey, P.C.
Attorney for Plaintiffs
30300 Northwestern Hwy, Ste 200
Farmington Hills, MI 48334
(248) 539-7407
February 22, 2011                    attylizdowney@aol.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEONID FELLER and
LISA FELLER,

                Plaintiffs,

                                       Case No. 2:10-cv-12590

v.                                   Hon. Lawrence P. Zatkoff

TOWNSHIP OF WEST BLOOMFIELD,
BILL BAUER, in his individual and
official capacities, ERIK BEAUCHAMP, in his
individual and official capacities, JOHN
RODA, in his individual and official capacities,
MARSHALL LABADIE, in his individual and
official capacities, and STEVE BURNS, in his
individual and official capacities,

                Defendants.

_____/

| | |
|---|---|
| Elizabeth A. Downey (P37036) | William P. Hampton (P14591) |
| Elizabeth A. Downey, P.C. | Gary L. Dovre (P27684) |
| Attorney for Plaintiffs | Shannon Kay Ozga (P59093) |
| 30300 Northwestern Hwy., Ste. 200 | Secret Wardle |
| Farmington Hills, MI 48334 | Attorneys for Defendants. |
| (248) 539-7407 | 30903 Northwestern Hwy |
| attylizdowney@aol.com | P.O. Box 3040 |
| | Farmington Hills, MI 48333 |
| | (248) 364-4300 |
| | gdovre@secrestwardle.com |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION
TO ENFORCE ORDER GRANTING MOTION TO DISMISS AND
TO ENJOIN PARALLEL STATE COURT PROCEEDINGS
<u>BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL</u>**

# I.  TABLE OF CONTENTS

<u>**Page No.**</u>

II.   Questions Presented …………………………………………………………  ii

III.  Index of Authorities ………………………………………………………. iii

IV.  Factual and Procedural History  ………….……………………………….   1

V.   Argument …………………………………………………………………..   3

A.   The Township's State Court Complaint Is Barred By *Res Judicata*
And Collateral Estoppel And Should Be Enjoined Under
The Relitigation Exception To The Anti-Injunction Act………….   3

1.   <u>The Relitigation Exception To The Anti-Injunction Act</u>…..   3

2.   <u>The Preclusive Effect Of A Fed.R.Civ.P. 12(b)(6) Order</u>. …   4

3.   <u>*Res Judicata* And Collateral Estoppel</u>………………………   5

B.   Count III of The Township's State Court Complaint Was Required
To Be Brought As A Compulsory Counterclaim, Is Barred By
*Res Judicata* And Collateral Estoppel, And Should Be Enjoined
Under The Relitigation Exception Of The Anti-Injunction Act…….   7

C.    Plaintiffs Will Suffer Irreparable Harm Absent An Injunction…..   9

VI.  Conclusion …………………………………………………………………  12

## II.  QUESTION PRESENTED

A.      When this Court dismissed the Township's wetlands counterclaim based on its ruling that the Fellers have a valid after-the-fact permit, should the Court enjoin the Township and its employees from pursuing a case filed on February 10, 2011 in state court seeking the same wetlands relief the Court denied?


The Fellers say "yes"

The Township says "no"

## III.  INDEX OF AUTHORITIES

**Federal Caselaw**                                                                          **Page**

*In re Baycol Products Litigation*, 593 F.3d 716 (8th Cir. 2010) …………….        11

*Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415
(6th Cir. 1999) (en banc) …………………………………………………...          5, 8

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 684,
100 L.Ed.2d 127 (1988) ……………………………………………………           4

*Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582 (6th Cir.2009)…………….        5

*Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989) …………………..        4, 6

*Great Earth Companies, Inc. v. Simons*, 288 F.3d 878 (6th Cir. 2002) ………..        4

*Hatcher v. Avis Rent-A-Car System, Inc.*, 152 F.3d 540 (6th Cir. 1998) ………        4

*Kane v. Magna Mixer Co.*, 71 F.3d 555(6th Cir. 1995) …………………………        8

*New Britain Mach. Co. v. Yeo*, 358 F.2d 397 (6th Cir. 1966)………………….        7

*Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 106 S.Ct. 768,
88 L.Ed.2d 877  (1986)……………………………………………………….         11

*Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552 (Fed.Cir.1994)……………..       10

*Silcox v. United Trucking Service, Inc.*, 687 F.2d 848 (6th Cir. 1982) ………..        9

*Wilson v. Strickland*, 333 Fed.Appx. 28 (6th Cir. 2009) …………………………        6

**Unpublished Caselaw**

*Chan v. Priority Records L.L.C.*, No. 07-15449, 2008 WL 2447147, *6
(E.D.Mich. June 18, 2008) (Zatkoff, J.) …………………………………………..        8

*Domino's Pizza Franchising, LLC v. Yeager*, No. 09-14704,
2010 WL 374116 (E.D.Mich. Jan. 25, 2010) (Zatkoff, J.) ……………………..        10

**Statutes**

18 U.S.C. § 2283 …………………………………………………………………..        3, 9

M.C.L. § 324.30306(5) ……………………………………………………………        2

iii

**<u>Court Rules</u>**

Fed. R. Civ. P. 13 ………………………………………………………… 2, 7

Fed. R. Civ. P. 13(a) ……………………………………………………… 8

Fed. R. Civ. P. 13(a)(1) …………………………………………………… 7

Fed.R.Civ.P. 65(b)(2)…………………………………………………….. 12

M.C.R. 2.116(D)(2)………………………………………………………. 11

**<u>Other Authorities</u>**

Wright & Miller, 17A FED. PRAC. & PROC. JURIS. § 4226 (3d ed. 2010) ……… 9, 10

## IV.    FACTUAL AND PROCEDURAL HISTORY

On June 30, 2010, the Fellers filed a three-count Complaint against the Township and various individual defendants alleging violations of their Fourth, Fifth, and Fourteenth Amendment rights arising from the Township's efforts to investigate, prosecute, and reverse the seeding of a grass lawn in their backyard and in a subdivision common area adjacent to the yard.  (Complaint, Doc. No. 1).

On August 26, 2010 the Township filed a Counterclaim (Doc. No. 10) against the Fellers, which was amended in form but not substance on September 14, 2010 (Doc. No. 19).   The Counterclaim alleged that "Plaintiffs illegally cleared, filled and seeded portions of the subject property and common area that were State and Township regulated and protected wetlands and a Township regulated and protected 25' environmental features setback are[a], in violation of the Township Ordinance Code, specifically the Wetlands Ordinance codified in Chapter 12 and the Environmental Features Setback provisions of the Township Zoning Ordinance."  (*Id*. at ¶ 4).   The Township also alleged that these violations were a nuisance per se pursuant to the Michigan Zoning Enabling Act, M.C.L. § 125.3407.  (*Id*. at ¶ 9).   The Township sought a declaration that the Fellers had violated Township ordinances, an order that the property be restored, and that costs be paid to the Township (including a lien on the Feller property).  (*Id*. at ¶ 14).

On February 10, 2011, the Court granted plaintiffs' Motion for Partial Summary Judgment on Count I – Warrantless Searches, holding that the Township and various individual defendants had violated clearly established law by making warrantless entry onto plaintiffs' property on at least two occasions.  (Opinion and Order, Doc. No. 25).

1

On February 11, 2011, the Court granted plaintiffs' Motion to Dismiss the Township's Counterclaim, holding that by operation of Michigan law, M.C.L. § 324.30306(5), because the Township failed to act on plaintiffs' wetlands permit application for 90 days, "the Fellers have a wetlands permit for the clearing, filling and seeding of the land they undertook behind their home." (Opinion and Order, Doc. No. 26, at 10). As a result, the Court dismissed the Township's counterclaim pursuant to Fed.R.Civ.P. 12(b)(6). (*Id*. at 10-11).

On February 15, 2011, the Township's attorney informed plaintiffs' counsel that he had filed a three-count state court complaint against the Fellers, attached hereto as Ex. 1, and asked whether she would accept service on plaintiffs' behalf.[1] Counts I and II of the state court complaint are substantively identical to the dismissed federal counterclaim, alleging "Violation of the Township Wetlands Ordinance Nuisance Per Se" (Count I) and "Violations of Zoning Ordinance Environmental Features Setback Provisions Nuisance Per Se" (Count II). (*Id*. at 10-12). The state court complaint is unabashed about the indistinguishable nature of Counts I and II of its state complaint from its federal counterclaim, grumbling that it was "[s]olely for purposes of complying with the compulsory counterclaim rule provided in Rule 13 of the Federal Rules of Civil Procedure [that] the Township filed a Counterclaim against [the Fellers] in the pending federal court action . . . ." (*Id*. at ¶ 58). According to the Township, it is "[t]he Circuit Court for Oakland County . . . [that] has primary jurisdiction for the Wetland and Zoning Ordinance violations alleged in this Complaint . . . ." (*Id*. at ¶ 59).

---

[1] The state court complaint is dated February 10, 2011 and apparently was filed in direct response to the Court's grant of plaintiffs' motion for partial summary judgment.

Count III of the state court complaint purports to allege that, in addition to the Township's ordinances, the Fellers' conduct violated a 1977 "Open Space Agreement" between the Township and the developer of the Feller's subdivision. (*Id*. at 12-13). Putting aside the claim's lack of merit, the state court complaint offers no explanation as to why this contract/property claim was not also required to be brought as a compulsory counterclaim in this Court. As to all three counts, the Township's state court complaint seeks the same relief (and more) as in the dismissed federal counterclaim. (*Id*. at 13-15).

When advised that the state claim would be barred and that it was frivolous based on the existing ruling, the Township's attorney declined to immediately dismiss it. He has not served the summons at this time, but pleaded that he would not be talking to his clients until the regularly-scheduled March 7, 2011 Township Board meeting; yet, he also advised that he intended to file a motion for reconsideration of the Court's February 11, 2011 dismissal of the Counterclaim. This is due by February 25 – well before the Board meeting. Thus, it appears that either counsel can get authority when he needs it, or that he has the ability to take initiative when necessary. Withdrawing a frivolous case should be such a matter.

## V. <u>ARGUMENT</u>

**A. The Township's State Court Complaint Is Barred By *Res Judicata* And Collateral Estoppel And Should Be Enjoined Under The Relitigation Exception To The Anti-Injunction Act.**

1. <u>The Relitigation Exception To The Anti-Injunction Act</u>.

Pursuant to 18 U.S.C. § 2283, "A court of the United States may not grant an injunction to stay proceedings in a State Court *except* as expressly authorized by Act of Congress, or *where necessary in aid of its jurisdiction, or to protect or effectuate its*

3

*judgments*." *Id*. (Emphasis added).   Known as the relitigation exception to the Anti-Injunction Act, the statute "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo v. Exxon Corp*., 486 U.S. 140, 147, 108 S.Ct. 684, 100 L.Ed.2d 127 (1988) (holding that "[b]ecause in its 1980 decision the District Court decided that Singapore law must control petitioner's lawsuit, a decision that necessarily precludes the application of Texas law, an injunction preventing relitigation of that issue in state court is within the scope of the relitigation exception to the Anti-Injunction Act" 486 U.S. at150-151).

Put another way, where a "state-court suit seeks to relitigate [an issue] and obtain judicial resolution of the underlying dispute[,] [a]n injunction of the state proceedings is necessary to protect the final judgment of the district court on this issue." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002); *Hatcher v. Avis Rent-A-Car System, Inc*., 152 F.3d 540, 543 (6th Cir. 1998) ("Given the resolution of the prior federal action and the striking similarities between the state and federal actions, including the conduct complained of in each, it is apparent that the district court correctly concluded that the claims made against Avis in the state action actually had been decided by the federal court").

## 2.   The Preclusive Effect Of A Fed.R.Civ.P. 12(b)(6) Order.

"In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect." *Dyer v. Intera Corp*., 870 F.2d 1063, 1066 (6th Cir. 1989) (citing *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, (1981); *Bartsch v. Chamberlin*, 266 F.2d 357 (6th Cir.1959); *Cannon v. Loyola*

4

*Univ. of Chicago*, 784 F.2d 777, 780 (7th Cir.1986), *Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir.1983); *Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.*, 642 F.2d 31, 34 (2d Cir. 1981)).

                3.   *Res Judicata* And Collateral Estoppel.

The Township's state court complaint is barred under the relitigation exception to the Anti-Injunction Act under principles of *both res judicata and* collateral estoppel. *Res judicata* (or claim preclusion) "bars a subsequent action if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999) (en banc) (internal quotations and citation omitted) (affirming, in part, injunction "preclud[ing] the Florida plaintiffs from relitigating the contract claims against SSG that were adjudicated by the district court in May 1991 and August 1992" *Id. at* 429-430).

Collateral estoppel (or issue preclusion) bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir.2009). For collateral estoppel to apply, four requirements must be met: (1) the precise issue must have been raised and litigated in the prior action; (2) the determination of the issue must have been necessary to the outcome of the prior action; (3) the prior proceedings must have resulted in a final decision on the

merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id*. at 589-90.

There can be no serious dispute that Counts I and II of the state court action are substantively identical to the dismissed federal court counterclaim and are barred under the relitigation exception to the Anti-Injunction Act by virtue of both res judicata and collateral estoppel. As to res judicata: (1) the Court's order granting the Fellers' motion to dismiss was a final decision on the merits, *Dyer v. Intera Corp*., 870 F.2d 1063, 1066 (6th Cir. 1989) ("In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect") (collecting cases); (2) the parties – the Township and the Fellers – are identical; (3) the issues – whether the Fellers violated the Township's wetlands and environmental features setback ordinances – are the same; and (4) there is an identity of the causes of action (*i.e.* "an identity of the facts creating the right of action and of the evidence necessary to sustain each action"). *Wilson v. Strickland*, 333 Fed.Appx. 28, 30 (6th Cir. 2009) (internal quotations and citation omitted).

As to collateral estoppel: (1) the precise issue – whether the Fellers acquired a permit by operation of law, thereby barring any claim of liability by the Township related to clearing, filling, and seeding of land behind the Feller's home – was raised and litigated with respect to the federal court counterclaim; (2) the determination of the issue was necessary to the outcome of the motion to dismiss; (3) the motion to dismiss was a final decision on the merits, *Dyer, supra*; and (4) the Township had a full and fair opportunity to litigate the issue in the prior proceeding.

Counts I and II of the state court complaint, identical in substance to the dismissed federal counterclaim, should be enjoined.

**B. Count III Of The Township's State Court Complaint Was Required To Be Brought As A Compulsory Counterclaim, Is Barred By *Res Judicata* And Collateral Estoppel, And Should Be Enjoined Under The Relitigation Exception Of The Anti-Injunction Act.**

As to Count III of the state court complaint, alleging that the Fellers' conduct also violated a 1977 "Open Space Agreement" between the Township and a subdivision developer, the Township was required but failed to allege it as a compulsory counterclaim in the federal suit pursuant to Fed. R. Civ. P. 13.

Pursuant to Fed.R.Civ.P. 13(a)(1), "[a] pleading *must* state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (b) does not require adding another party over whom the court cannot acquire jurisdiction." *Id*. (Emphasis added). Under Sixth Circuit precedent, a counterclaim is compulsory where the claim (1) arises out of the same transaction or occurrence that is the subject matter of the plaintiff's claim; (2) was matured (at least in substantial part) at the time plaintiffs' served their complaint; (3) did not require for its adjudication the presence of third parties of whom the court could not acquire jurisdiction; and (4) was not, at the time the original action was commenced, the subject matter of another pending action. *New Britain Mach. Co. v. Yeo*, 358 F.2d 397, 410 (6th Cir. 1966).

Again, all four elements are satisfied here:  (1) the Township's contract/property claim arises from the same "clearing, seeding, and filling" that gave rise to the Fellers' civil rights claims and the Township's ordinance-based counterclaim; (2) the contract

7

claim, based on a purported 1977 agreement, was ripe when the Fellers brought suit in June 2010; (3) the contract claim does not name any third parties, much less parties outside this Court's jurisdiction; and (4) the contract/property claim was not the subject matter of another pending action.  Necessarily, therefore, Count III of the Township's state court suit was a compulsory counterclaim.

As the Sixth Circuit has held, under principles of *res judicata* and collateral estoppel, Rule 13(a) "is mandatory. It requires that such a counterclaim be pleaded and adjudicated or else all right of action thereon is foreclosed."  *New Britain Mach. Co. v. Yeo*, 358 F.2d 397, 410-11 (6th Cir. 1966) ("Having failed to file a timely counterclaim . . . until after the district judge had announced his decision on the merits, New Britain is now foreclosed from asserting the same claim in the form of a separate action"); *Kane v. Magna Mixer Co*., 71 F.3d 555, 562-63 (6th Cir. 1995) ("Having concluded that Triumph's counterclaim was compulsory and required to be raised in the Pennsylvania action . . ., we find no basis to avoid the conclusion that Triumph waived its compulsory counterclaim"); *Chan v. Priority Records L.L.C*., No. 07-15449, 2008 WL 2447147, *6 (E.D.Mich. June 18, 2008) (Zatkoff, J.)(attached as Exhibit 2)("the Court concludes that all of Plaintiff's claims alleged in the instant action are barred because they were required to be brought as compulsory counterclaims in the Underlying Lawsuit"); *see also Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc*., 193 F.3d 415, 422 (6th Cir. 1999) (en banc) (*res judicata* bars all claims actually "litigated *or which should have been litigated* in the prior action" (emphasis added)).

Because Count III of the Township's state court suit was required to be brought as a compulsory counterclaim in the federal action, it too is barred under the relitigation

8

exception to the Anti-Injunction Act.  "[W]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, *even though a different legal theory of recovery is advanced in the second suit*."  *Silcox v. United Trucking Service, Inc.*, 687 F.2d 848, 852 (6th Cir. 1982) ("We, therefore, conclude that this matter was fully and finally litigated in the district court and it was within the power of the district court to protect its final judgment by injunction, under the relitigation exception of the Anti-Injunction Act") (emphasis added); *see also* Wright & Miller, 17A FED. PRAC. & PROC. JURIS. § 4226 (3d ed. 2010) ("*Even if the claims are different*, issue preclusion—or collateral estoppel, as it used to be called—applies to those issues that were actually determined in the first suit, and the federal court has power, in appropriate cases, to effectuate its judgment by enjoining relitigation of issues it has determined") (emphasis added).

Indeed, were Count III permitted to proceed in the state court, this Court would be divested of jurisdiction over what indisputably should have been a compulsory counterclaim.  This is exactly the result that the Anti-Injunction Act was enacted to avoid. 18 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State Court *except* as expressly authorized by Act of Congress, or *where necessary in aid of its jurisdiction*, or to protect or effectuate its judgments" (emphasis added)).  Count III should be enjoined.

### C.  Plaintiffs Will Suffer Irreparable Harm Absent An Injunction.

The usual prerequisites for a temporary restraining order and injunction generally are *not* required to secure relief under the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283.  Rather, "federal courts have enjoined relitigation in the absence

of any of these circumstances and have seemed to enjoin the state proceedings virtually automatically once it is shown that there is a prior federal judgment." Wright & Miller, 17A FED. PRAC. & PROC. JURIS. § 4226 (3d Ed. 2010).

Regardless, plaintiffs here independently satisfy the four-part test for issuance of a temporary restraining order and preliminary injunction: (1) whether plaintiffs have a strong likelihood of success on the merits; (2) whether plaintiffs will suffer irreparable harm absent the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest will be furthered by the issuance of the injunction. *Domino's Pizza Franchising, LLC v. Yeager*, No. 09-14704, 2010 WL 374116 (E.D.Mich. Jan. 25, 2010) (Zatkoff, J.) (granting TRO and preliminary injunction; attached as Exhibit 3).

The Fellers meet each of the four prongs. *First*, as set forth herein, there can be no colorable dispute that the Township's state court complaint is barred by both res judicata and collateral estoppel and should be enjoined under the relitigation exception to the Anti-Injunction Act.

*Second*, plaintiffs will be irreparably harmed absent an injunction. As a starting point, when a movant establishes a strong likelihood of success on the merits, there is a presumption of irreparable harm. *Reebok Int'l Ltd. v. J. Baker, Inc*., 32 F.3d 1552, 1556 (Fed.Cir.1994). Here, the Township's state court complaint seeks, *inter alia*, "restoration" of the Fellers' property and subdivision common area, "permanent[] marking [of] those locations," "ongoing monitoring and entry and inspection rights for the Township," and other equitable remedies. (Ex. 1 at 14-15). Should a state court order such relief, the Fellers and their children will be deprived of the rightful use and

10

enjoyment of their property and of the common area over which they hold an easement, for which there is no adequate remedy at law.

*Third*, no harm will be caused to the Township by entry of the requested injunction. Should it wish to challenge this Court's dismissal order, it is free to file a motion for reconsideration in this Court or appeal to the Sixth Circuit. Surely, the Township will not be damaged by being ordered to desist in relitigating these issues in state court, something it never had any right to do.

*Fourth*, the public interest is served by granting this injunction. As the Eleventh Circuit recently held in affirming an injunction under the relitigation exception, "the public policy concerns of finality and repose informing our res judicata jurisprudence strongly supports the protection of our previous judgment." *In re Baycol Products Litigation*, 593 F.3d 716, 726 (8th Cir. 2010) (internal quotations and citation omitted).

Finally, time is of the essence. This Court's authority to enjoin state litigation under the relitigation exception to the Anti-Injunction Act extends only until the state court rules on the question of res judicata. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). "[T]he relitigation exception of the Anti-Injunction Act [is limited] to those situations in which the state court has not yet ruled on the merits of the res judicata issue. Once the state court has finally rejected a claim of res judicata, then the Full Faith and Credit Act becomes applicable . . . ." *Id*. at 524. The Michigan Rules of Civil Procedure require the Fellers to plead *res judicata* in their initial response to the state court complaint. M.C.R. 2.116(D)(2). Thus, if plaintiffs are forced to litigate the res judicata issue in state court, and the state court declines to apply preclusive effect to this Court's order recognizing the Feller's permit and

11

dismissing the Township's counterclaim, this Court would then be divested of jurisdiction to enforce its prior order.

## VI.  <u>CONCLUSION</u>

Based on the foregoing, plaintiffs Leonid and Lisa Feller respectfully request that a temporary restraining order issue enjoining Oakland County Circuit Court action no. 11-116875-CZ, that the Township be enjoined from prosecuting such action, and that a preliminary injunction hearing be held pursuant to Fed.R.Civ.P. 65(b)(2).

Respectfully Submitted,

/s/ Elizabeth A. Downey
Elizabeth A. Downey (P37036)
Elizabeth A. Downey, P.C.
Attorney for Plaintiffs
30300 Northwestern Hwy, Ste 200
Farmington Hills, MI 48334
(248) 539-7407
attylizdowney@aol.com

Dated: February 22, 2011

12

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LEONID FELLER and
LISA FELLER

        Plaintiffs,

                                  Case No. 2:10-cv-12590

v.                                 Hon. Lawrence P. Zatkoff

TOWNSHIP OF WEST BLOOMFIELD,
KRISTI JOSS, in her individual and official
capacities, BILL BAUER, in his individual and
official capacities, ERIK BEAUCHAMP, in his
individual and official capacities, JOHN
RODA, in his individual and official capacities,
MARSHALL LABADIE, in his individual and
official capacities, and STEVE BURNS, in his
individual and official capacities,

        Defendants.

_____/

| | |
|---|---|
| Elizabeth A. Downey (P37036) | William P. Hampton (P14591) |
| Elizabeth A. Downey, P.C. | Shannon Kay Ozga (P59093) |
| Attorney for Plaintiffs | Gary L Dovre (P27684) |
| 30300 Northwestern Hwy., Ste. 200 | Secret Wardle |
| Farmington Hills, MI 48334 | Attorneys for Defendants |
| 30903 Northwestern Hwy., Ste. 200 | PO Box 3040 |
| Farmington Hills, MI 48334 | Farmington Hills, MI 48333 |
| (248) 539-7407 | (248) 364-4300 |
| attylizdowney@aol.com | gdovre@secrestwardle.com |

## PROOF OF SERVICE

      I certify that on February 22, 2011, I served a copy of

      Plaintiffs' Motion to for Temporary Restraining Order and Preliminary Injunction
to Enforce Order Granting Motion to Dismiss and to Enjoin Parallel State Court
Proceedings Barred by *Res Judicata* and Collateral Estoppel

on all parties by serving the attorneys listed above by ECF service.

                             /s/ Elizabeth A. Downey
                             Elizabeth A. Downey (P37036)

Elizabeth A. Downey, P.C.
30300 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 539-7407
attylizdowney@aol.com

February 22, 2011