UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONID FELLER and
LISA FELLER,

    Plaintiffs,

v.

CASE NO. 10-12590
HON. LAWRENCE P. ZATKOFF

TOWNSHIP OF WEST BLOOMFIELD,
BILL BAUER, ERIK BEAUCHAMP,
JOHN RODA, MARSHALL LABADIE
and STEVE BURNS,

    Defendants.
_____ /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 24, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Docket #27) against Defendant Township of West Bloomfield (the "Township") with respect to civil litigation the Township recently filed against Plaintiffs in Oakland County Circuit Court (the "Oakland litigation").

**I. LEGAL STANDARD**

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

    (3)    whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

> (4)    whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

The Court has reviewed the Plaintiffs' Motion, brief in support of the Motion and exhibits thereto. The Court now makes the following findings:

First, the Court finds that Plaintiffs have not satisfied their burden to require this Court to grant Plaintiff's request for a Temporary Restraining Order. There has been no showing that Plaintiffs will be immediately and irreparably harmed by the fact that the Township has filed the Oakland litigation. The primary harm that Plaintiffs may suffer in the near future is the need to file an answer to the Township's complaint in the Oakland litigation. This is a harm of a financial, and thus reparable, nature. Indeed, in the event that Plaintiffs are subjected to financial harm as a result of the Township flagrantly disregarding: (1) the Court's judgment and/or jurisdiction, and/or (2) fundamental principles of the law, the Court will not hesitate to impose costs and sanctions on the Township and/or its counsel, as appropriate. Accordingly, and for the reasons set forth above, Plaintiffs' Motion for a Temporary Restraining Order is DENIED.

Second, the Township has a right to be heard regarding the Plaintiffs' Motion for Preliminary Injunction. Accordingly, the Court hereby ORDERS the Township to file a response to Plaintiffs' Motion for Preliminary Injunction on or before Wednesday, March 2, 2011. The Township's response must address the issues set forth in Plaintiff's Motion for Preliminary Injunction and brief in support thereof. Upon receipt of the Township's response, the Court shall determine whether a

hearing is necessary or whether it will decide this matter on the briefs submitted.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Plaintiffs' Motion for a Temporary Restraining Order and ORDERS the Township to file a response to Plaintiffs' Motion for Preliminary Injunction on or before Wednesday, March 2, 2011.

IT IS SO ORDERED.

                                  s/Lawrence P. Zatkoff
                                  LAWRENCE P. ZATKOFF
                                  UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 24, 2011.

                                  s/Marie E. Verlinde
                                  Case Manager
                                  (810) 984-3290